**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Jorge Mauricio VASQUEZ,**
**Defendant-Appellant**

**No. 16-41085**
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed April 18, 2017

Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Jorge Mauricio Vasquez, Pro Se

Before KING, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Jorge Mauricio Vasquez has

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Vasquez has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Vasquez's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.[1] Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The district court did not err by declining to apply a sentencing guidelines range provided by a guidelines amendment that would go into effect more than three months after Vasquez's sentencing. *See* 18 U.S.C. § 3553(a)(4)(A) (requiring district courts to consider, except in remanded cases, the sentencing range provided by the guidelines "in effect on the date the defendant is sentenced"); *see also United States v. Caro-Alarcon*, 420 Fed.Appx. 397, 397-98 (5th Cir. 2011).